# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

MAURINE MOLAK AND MATTHEW MOLAK,

    *Petitioners*,

        v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

    *Respondents*.

No. 24-60446

On Petition for Review of an Order of
the Federal Communications Commission

## FEDERAL COMMUNICATIONS COMMISSION'S MOTION TO DISMISS

The Federal Communications Commission respectfully moves to dismiss the petition for review for lack of jurisdiction. Petitioners seek judicial review of an FCC order as to which they have also filed a petition for reconsideration before the agency. Their pending petition for reconsideration renders the challenged order non-final, as to them, under the Hobbs Act. 28 U.S.C. § 2342(1). They thus may not seek judicial review until after the agency has addressed their pending petition. The Court should dismiss the current petition for review.

# CERTIFICATE OF INTERESTED PARTIES

*Molak v. Federal Communications Commission*, No. 23-60446

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

    1. Petitioners

        a. Matthew Molak

        b. Maurine Molak

    2. Counsel for Petitioners

        a. Yaakov M. Roth

        b. David K. Suska

    3. Respondents

        a. Federal Communications Commission

        b. The United States of America

4. Counsel for Respondents

    a. Jacob M. Lewis, Federal Communications Commission

    b. Rachel Proctor May, Federal Communications Commission

    c. Robert J. Wiggers, United States of America

    d. Robert B. Nicholson, United States of America

                                /s/ *Jacob M. Lewis*

                                Attorney of Record for Federal Communications Commission

## BACKGROUND

The Federal Communications Commission released the challenged order on July 29, 2024. Report and Order, *Addressing the Homework Gap through the E-Rate Program*, FCC 24-76, WC Docket No. 21-31 (July 29, 2024) (the "Order").

On July 31, 2024, petitioners filed a petition for reconsideration of the Order before the agency. *See* Ex. 1 at 1 (Maurine Molak and Matthew Molak, Petition for Reconsideration (July 31, 2024)). That petition remains pending.

On August 30, 2024, petitioners filed a petition for review of the Order in this Court, asserting jurisdiction under the Hobbs Act. *See* Petition for Review at 1, Dkt. 1-2 (Aug. 30, 2024) (citing 28 U.S.C. §§ 2342(1) and 2344)).

## ARGUMENT

This Court's jurisdiction to review FCC orders under the Hobbs Act is limited to specified "final orders of the Federal Communications Commission." 28 U.S.C. § 2342(1). For purposes of Hobbs Act review, it is well settled that "a motion to reconsider renders the underlying order nonfinal" as to the party that sought reconsideration. *Stone v. INS*, 514 U.S. 386, 392 (1995); *see City of Arlington v. FCC*, 668 F.3d 229, 238

n.24 (5th Cir. 2012) ("[O]nce a party petitions the agency for reconsideration of an order or any part thereof, the entire order is rendered nonfinal as to that party." (quoting *Bellsouth Corp. v. FCC,* 17 F.3d 1487, 1489-90 (D.C. Cir. 1994))). Petitioners' pending request for reconsideration thus renders the Commission's Order "unreviewable with respect to" them, "the part[ies] who made the request." *Flat Wireless, LLC v. FCC*, 944 F.3d 927, 933 (D.C. Cir. 2019) (28 U.S.C. § 2342(1)). The Court must therefore dismiss the petition as "incurably premature." *Id.*

The rule that parties may not seek judicial review while simultaneously seeking administrative reconsideration avoids "wasting judicial resources," *Bellsouth*, 17 F.3d at 1490, without compromising petitioners' ability to seek judicial review of a subsequent final order. The pending reconsideration petition "toll[s] the 60-day period for filing a petition for review of the agency's action in this court" under the Hobbs Act. *City of Arlington*, 668 F.3d at 237. Accordingly, once the Commission takes final action on petitioners' pending petition for reconsideration, they will have the opportunity, if they so desire, to seek judicial review of the agency's final order at that time. *See id.*

The United States supports this motion. Pursuant to Fifth Circuit Rule 27.4, counsel for the Federal Communications Commission has reached out to counsel for petitioners, who state that petitioners oppose the motion and intend to file an opposition.

## CONCLUSION

The Court should dismiss the petition for review for lack of jurisdiction.

Dated: September 13, 2024          Respectfully submitted,

/s/ *Jacob M. Lewis*

P. Michele Ellison
  *General Counsel*

Jacob M. Lewis
  *Deputy General Counsel*

Rachel Proctor May
  *Counsel*

FEDERAL COMMUNICATIONS
  COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
  Communications Commission*

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains <u>511</u> words, *or*

   ☐ this document uses a monospaced typeface and contains ____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

   ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

                    /s/ *Jacob M. Lewis*
                    Jacob M. Lewis
                    *Counsel for Respondent*
                    *Federal Communications Commission*

# CERTIFICATE OF FILING AND SERVICE

I, Jacob M. Lewis, hereby certify that on September 13, 2024, I filed the foregoing Federal Communications Commission's Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Jacob M. Lewis*

Jacob M. Lewis
Deputy General Counsel

Federal Communications Commission
Washington, D.C. 20554
(202) 418-1740